# Sutmeyer *v.* Thornton, Appellant.

*Landlord and tenant—Use and occupation—Lease—Holding over
—Estoppel.*

Where a person leases from the five heirs of an estate a building
particularly described in the lease, and enters into possession of
the building designated, and also into possession of a room on the
second floor of an adjoining building owned by the same estate, and
after the termination of his lease holds over, and subsequently in
partition proceedings the building described in the lease is allotted
to two of the heirs and the adjoining building to two other of the
heirs, and the tenant accepts a lease of the first building from the
heirs to whom it was allotted, but continues to occupy the room
in the adjoining building, he will be liable in assumpsit for use and
occupation of such room to the heirs to whom the second building
was allotted. In such a case it is immaterial that the tenant had no
actual knowledge of the partition proceedings, if it appears that
such proceedings were a matter of public record; nor can he assert
that he was not liable for the rent of the room because he had not
been notified of the change of title for a period of two years.

Argued April 22, 1918.  Appeal, No. 3, April T., 1918,
by defendant, from judgment of C. P. Allegheny Co.,
Oct. T., 1912, No. 2851, on verdict for plaintiff in case of
Sarah Sutmeyer and Ethel Sutmeyer McKee v. James J.
Thornton. Before ORLADY, P. J., PORTER, HENDERSON,
HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Assumpsit for use and occupation of a room in a
building.

At the trial the jury returned a verdict for plaintiff
for $616.40. On a rule for judgment for defendant n. o.
v. EVANS, J., filed the following opinion:

As stated by counsel for the defendant in his brief,
"there are substantially no disputed facts."

On the 8th of February, 1907, the defendant with a
man by the name of Carlton leased from the heirs of
Henry Sutmeyer, among whom were the plaintiffs in

this case, "all that certain building situated at No. 901 Federal Street, Allegheny, Pa." The building situated at No. 901 Federal street, Allegheny, Pa., was known as the Hotel Federal, and at the date of this lease and for some time prior thereto a room on the second floor of No. 903 Federal street, also the property of the heirs of Henry Sutmeyer, had been used in conjunction with the building at No. 901 Federal street as part of the Hotel Federal. The lease of February 8, 1907, was to begin the 1st of May of that year and continue for one year. The defendant, who shortly after the 1st of May, 1907, became the sole lessee of the premises, continued to occupy under this lease for the years 1908 and 1909. In July of 1909 the estate of Henry Sutmeyer was partitioned and the premises at No. 901 Federal street were partitioned to Eliza Young and Flora E. White, daughters of Henry Sutmeyer, and the premises at No. 903 Federal street were allotted to the plaintiffs. The lease dated February 8, 1907, was signed by all of the heirs of Henry Sutmeyer, or by their personal representatives, including the two plaintiffs in this case. The defendant occupied the room on the premises known as No. 903 Federal street up to the first of May, 1912, and the plaintiff brings this suit to recover for us and occupation of that room for the two years from May 1, 1910, to May 1, 1912, and the jury rendered a verdict in favor of the plaintiffs.

The defendant suggests two reasons why judgment should be entered for the defendant non obstante veredicto. The first is that the relation of landlord and tenant did not exist and, therefore, assumpsit cannot be maintained for use and occupation. This case was in the Superior Court, and that court's decision of the case is reported in 63 Pa. Superior Ct. 607, in which it was held that the facts as presented to that court were sufficient to support an action and create a liability on the part of the defendant. In this case the evidence of the relationship of landlord and tenant is stronger than

in the case that was presented to the Superior Court. The defendant was a tenant of these two plaintiffs, inter alia, from May 1, 1907, to May 1, 1910, by virtue of the lease dated February 8, 1907, for one year and the holding over by him for the two years following; and his continued occupancy of the room after May 1, 1910, continued the relationship of landlord and tenant as between himself and these two plaintiffs.

It is urged by counsel for the defendant that the defendant knew nothing of the proceedings in partition and, therefore, knew nothing of the change of ownership in the premises. But the proceedings in partition and the record thereof was a public record of which he had constructive notice, and besides he knew that on February 8, 1907, he had leased these premises from five heirs of Henry Sutmeyer, all of whom signed the lease which he got at the time, and that on May 1, 1910, he leased the premises from Mrs. Young and Mrs. White without the other heirs of Henry Sutmeyer joining in the lease, and he had notice there of a change of ownership in the premises. If he could have leased these premises for five years and avoid payment of rent because he had not been given actual notice of the change of title resulting from the partition proceedings of the Sutmeyer heirs, he could have leased them for fifty years from two of those heirs.

Defendant's counsel makes a point that the plaintiffs are estopped because they did not notify the defendant immediately and waited two years before they notified him that he was occupying their premises without paying rent. I do not know any reason why the owner of real estate should be estopped from claiming compensation for use and occupancy because he has not notified the one who is occupying it to pay his rent. The reason given for not notifying defendant, viz: that plaintiffs thought the lease of February 8, 1907, was for five years, may have been the reason why plaintiffs did not notify defendant sooner. I see no reason to disturb the verdict rendered by the jury in this case.

Assignment of Error—Opinion of the Court. [70 Pa. Superior Ct.

*Error assigned* was in discharging rule for judgment for defendant n. o. v.

*George H. Calvert,* of *Calvert, Thompson & Wilson,* for appellant.—An action for use and occupation is founded on contract, in the absence of which no recovery can be had, and will not lie if the circumstances of the case are inconsistent with the existence of the contract and necessarily rebut the implication of a promise to pay rent: Brolasky v. Ferguson, 48 Pa. 434; Wilkes-Barre v. Chase, 7 Pa. Superior Ct. 343; Tourison v. Engard, 30 Pa. Superior Ct. 179.

*J. E. Little,* with him *Wm. L. McConegly,* for appellees, cited: Bush v. National Oil Refining Co., 5 W. N. C. 143; Williams v. Ladew, 171 Pa. 369; Brolasky v. Ferguson, 48 Pa. 434.

PER CURIAM, July 10, 1918:

The opinion filed in the court below in refusing judgment for the defendant non obstante veredicto, and for a new trial, renders it unnecessary to give further reasons for the judgment entered.   It is now affirmed.